# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RACKLEY,<br><br>　　　　Respondent. | Case No.: 1:14-cv-01629-LJO-JLT<br><br>ORDER DISREGARDING PETITIONER'S MOTION FOR PERMANENT INJUNCTION (Doc. 13) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 10, 2014, the Magistrate Judge assigned to the case issued Findings and Recommendations to dismiss the petition. (Doc. 7). On December 10, 2014, the Findings and Recommendations were adopted by the District Judge, who entered judgment and closed the case on that same date. (Docs. 11 & 12). On December 10, 2014, after judgment had been entered, Petitioner filed the instant motion for a permanent injunction, challenging a variety of prison conditions at his place of incarceration.

Because the case was closed when the motion for injunction was docketed, the Court lacks jurisdiction to consider his motion. However, even if the case were still open, the Court would still lack habeas jurisdiction to consider his motion for injunctive relief, since Petioner is not challenging the fact or duration of his confinement, but rather the conditions of his confinement.

1

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Here, Petitioner challenges only the conditions of his confinement.  Hence, even if the case were still open when he filed his motion for injunctive relief, the Court would lack habeas jurisdiction of such "conditions" issues.  **The proper method for Petitioner to litigate conditions of confinement is through a civil rights action pursuant to § 1983**.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's motion for injunctive relief (Doc. 13), is DISREGARDED.

IT IS SO ORDERED.

Dated:   **January 8, 2015**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE